UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

ARTURO RIVERA,

                             Plaintiff,

        -against-

THE CITY OF NEW YORK, DEPARTMENT OF
COMMISSIONER MARTIN F. HORN, WARDEN F.
HOURIHANE, CORRECTION OFFICER ORTIZ,
CORRECTION OFFICER COOPER and JOHN DOE
CORRECTION OFFICERS #1-3,

                            Defendants.

**ANSWER**

07 CV 9632 (NRB) (RLE)

Jury Trial Demanded

------------------------------------------------------------------- x

        THE CITY OF NEW YORK and MARTIN F. HORN by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:[1]

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint.

        3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to seek damages as stated therein.

        4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to proceed and invoke the Court's jurisdiction in this action as stated therein.

---

[1] Upon information and belief, the individuals identified in the caption of the complaint as "Warden Michael Hourihane," "Correction Officer Ortiz" and "Correction Officer Cooper," have not been served with copy of the Summons and Complaint nor have they requested representation from the Office of Corporation Counsel.

5. Deny the allegations set forth in paragraph "5" of the complaint.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to base venue as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Admit the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that Martin Horn is the Commissioner of the New York City Department of Correction and that plaintiff purports to sue Commissioner Horn in his individual and official capacities as stated therein.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that Michael Hourihane is employed as the Warden of Otis Bantum Correctional Center, and that plaintiff purports to sue Warden Hourihane in his individual and official capacities as stated therein.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. The allegations set forth in paragraph "12" of the complaint are conclusions of law, rather than averments of fact and accordingly, no response is required.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the New York City Office of the Comptroller on or about September 13, 2006 and the claim has not been paid.

14. Deny the allegations set forth in paragraph "14" of the complaint, except state that the allegations concerning whether inmate assaults are grievable constitutes a conclusion of law rather than an averment of fact and accordingly, no response is required.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that plaintiff was incarcerated at the Otis Bantum Correctional Center on August 2, 2006.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint, including all subparagraphs.

21. In response to the allegations set forth in paragraph "21" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "20" inclusive of this answer, as if fully set forth herein.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. In response to the allegations set forth in paragraph "25" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "24" inclusive of this answer, as if fully set forth herein.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "28" inclusive of this answer, as if fully set forth herein.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "32" inclusive of this answer, as if fully set forth herein

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint

38. In response to the allegations set forth in paragraph "38" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "37" inclusive of this answer, as if fully set forth herein

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "41" inclusive of this answer, as if fully set forth herein

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. In response to the allegations set forth in paragraph "50" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "49" inclusive of this answer, as if fully set forth herein.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Paragraph "52" states a conclusion of law rather than averments of fact and accordingly, no response is required.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. In response to the allegations set forth in paragraph "54" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "53" inclusive of this answer, as if fully set forth herein.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

57. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

58. Defendants City of New York and Martin Horn have not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United

States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

59. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of the defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

60. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

61. Plaintiff cannot obtain punitive damages as against the City of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

62. At all times relevant to the acts alleged in the complaint, defendant Horn acted reasonably in the proper and lawful exercise of his discretion.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

63. Plaintiff's claims may be barred, in whole or in part, because plaintiff failed to comply with all conditions precedent to suit.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

64. Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

65. Defendant Horn had no personal involvement in the allegations alleged in the complaint.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

66. Defendant Horn has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

67. Plaintiff provoked any incident.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

68. To the extent that plaintiff asserts state law clams against the defendants, such claims should be barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

69. Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a).

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

70. Plaintiff's claim for money damages may be barred by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(e).

**WHEREFORE,** defendants City of New York and Martin Horn request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         February 29, 2008

        MICHAEL A. CARDOZO
        Corporation Counsel of the City of New York
        Attorney for Defendants City of New York and
        Martin Horn
        100 Church Street, Rm. 3-221
        New York, New York 10007
        (212) 442-8600

By: _____
        Sabrina Tann (ST 2552)
        Assistant Corporation Counsel
        Special Federal Litigation

TO:   **BY FIRST CLASS MAIL and ECF**
      Nicole Bellina, Esq.
      Attorney for Plaintiff
      71 Nevins Street
      Brooklyn, New York 11217

Index No. 07 CV 9632 (NRB) (RLE)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| ARTURO RIVERA,<br><br>            Plaintiff,<br><br>      -against-<br><br>THE CITY OF NEW YORK, DEPARTMENT OF COMMISSIONER MARTIN F. HORN, WARDEN F. HOURIHANE, CORRECTION OFFICER ORTIZ, CORRECTION OFFICER COOPER and JOHN DOE CORRECTION OFFICERS #1-3,<br><br>            Defendants. |
| **ANSWER** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br> *Attorney for Defendants City of New York*<br> *and Martin Horn*<br> *100 Church Street*<br> *New York, N.Y. 10007*<br><br> *Of Counsel: Sabrina Tann*<br> *Tel: (212) 442-8600*<br> *NYCLIS No.* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ................................, 200......*<br><br>*................................................................ Esq.*<br><br>*Attorney for..................................................* |

## DECLARATION OF SERVICE

**SABRINA TANN** declares, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct: On February 29, 2008, I caused to be served the annexed **ANSWER** upon the following counsel of record for plaintiff herein, by depositing a copy of same, enclosed in a first class, postpaid properly addressed wrapper in a post office/official depository located at 100 Church Street, in the Borough of Manhattan, City of New York, directed counsel at the address set forth below, being counsel's business address:

    Nicole Bellina, Esq.
    Attorney for Plaintiff
    71 Nevins Street
    Brooklyn, New York 11217


Dated:    New York, New York
            February 29, 2008

                                                    _____
                                                    Sabrina Tann