UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ARTURO RIVERA,

                            Plaintiff,

-against-

THE CITY OF NEW YORK, DEPARTMENT OF
COMMISSIONER MARTIN F. HORN, WARDEN F.
HOURIHANE, CORRECTION OFFICER ORTIZ,
CORRECTION OFFICER COOPER and JOHN DOE
CORRECTION OFFICERS #1-3,

                            Defendants.

------------------------------------------------------------------------ x

**ANSWER ON BEHALF OF PATRICK COOPER**

07 CV 9632 (NRB) (RLE)

Jury Trial Demanded

       Correction Officer Patrick Cooper, Shield No. 14487, by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for his answer to the complaint, respectfully alleges, upon information and belief, as follows:[1]

       1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

       2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to proceed as stated therein.

       3. Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to seek damages as stated therein.

---

[1] Upon information and belief, the individuals identified in the caption of the complaint as "Warden Michael Hourihane" and "Correction Officer Ortiz" have not been served with copy of the Summons and Complaint nor have they requested representation from the Office of Corporation Counsel. Additionally, defendants City of New York and Commissioner Horn filed their Answer to the Complaint on February 29, 2008.

4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to bring this action and invoke the Court's jurisdiction in this action as stated therein.

5. Denies the allegations set forth in paragraph "5" of the complaint.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that plaintiff purports to base venue as stated therein.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Admits the allegations set forth in paragraph "8" of the complaint.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admits that Martin Horn is the Commissioner of the New York City Department of Correction and that plaintiff purports to sue Commissioner Horn in his individual and official capacities as stated therein.

10. Denies the allegations set forth in paragraph "10" of the complaint, except admits that Michael Hourihane is employed as the Warden of the Otis Bantum Correctional Center ("OBCC"), and that plaintiff purports to sue Warden Hourihane in his individual and official capacities as stated therein.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint, except admits that Correction Officer Patrick Cooper, Shield No. 14487, is employed as a Correction Officer at the OBCC.

12. The allegations set forth in paragraph "12" of the complaint are conclusions of law, rather than averments of fact and accordingly, no response is required.

13. Denies the allegations set forth in paragraph "13" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the New York City Office of the Comptroller on or about September 13, 2006 and the claim has not been paid.

14. Denies the allegations set forth in paragraph "14" of the complaint, except admits that there is a grievance procedure at Rikers Island and states that the allegations concerning whether inmate assaults are grievable constitutes a conclusion of law rather than an averment of fact and accordingly, no response is required.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint, except admits that plaintiff was incarcerated at the Otis Bantum Correctional Center on August 2, 2006.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint, including all subparagraphs.

21. In response to the allegations set forth in paragraph "21" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "20" inclusive of this answer, as if fully set forth herein.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. In response to the allegations set forth in paragraph "25" of the complaint, defendant repeates and realleges the responses set forth in paragraphs "1" to "24" inclusive of this answer, as if fully set forth herein.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "28" inclusive of this answer, as if fully set forth herein.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "32" inclusive of this answer, as if fully set forth herein

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint

38. In response to the allegations set forth in paragraph "38" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "37" inclusive of this answer, as if fully set forth herein

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "41" inclusive of this answer, as if fully set forth herein

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. Denies the allegations set forth in paragraph "49" of the complaint.

50. In response to the allegations set forth in paragraph "50" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "49" inclusive of this answer, as if fully set forth herein.

51. Paragraph "51" of the complaint states a conclusion of law rather than averments of fact and accordingly, no response is required.

52. Denies the allegations set forth in paragraph "52" of the complaint.

53. Denies the allegations set forth in paragraph "53" of the complaint.

54. In response to the allegations set forth in paragraph "54" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "53" inclusive of this answer, as if fully set forth herein.

55. Denies the allegations set forth in paragraph "55" of the complaint.

56. Denies the allegations set forth in paragraph "56" of complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

57. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

58. Defendant Cooper has not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

59. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of defendant Cooper.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

60. At all times relevant to the acts alleged in the complaint, defendant Cooper acted reasonably in the proper and lawful exercise of his discretion.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

61. Plaintiff's claims may be barred, in whole or in part, because plaintiff failed to comply with all conditions precedent to suit.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

62. Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

63. Defendant Cooper has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

64. Plaintiff provoked any incident.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

65. To the extent that plaintiff asserts state law clams against the defendants, such claims should be barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

66. Plaintiff may have failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997 (e) (a).

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

67. Plaintiff's claim for money damages may be barred by the Prison Litigation Reform Act, 42 U.S.C. § 1997 (e) (e).

**WHEREFORE,** Correction Officer Patrick Cooper, Shield No. 14487, requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        March 19, 2008

                MICHAEL A. CARDOZO
                Corporation Counsel of the City of New York
                Attorney for Defendants City of New York, Martin
                Horn and Patrick Cooper
                100 Church Street, Rm. 3-219
                New York, New York 10007
                (212) 788-1276

By: _____
                Caryn Rosencrantz (CR 3477)
                Assistant Corporation Counsel
                Special Federal Litigation

TO:  <u>BY FIRST CLASS MAIL and ECF</u>
     Nicole Bellina, Esq.
     Attorney for Plaintiff
     71 Nevins Street
     Brooklyn, New York 11217

Index No. 07 CV 9632 (NRB) (RLE)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ARTURO RIVERA,

                                Plaintiff,

-against-

THE CITY OF NEW YORK, DEPARTMENT OF COMMISSIONER MARTIN F. HORN, WARDEN F. HOURIHANE, CORRECTION OFFICER ORTIZ, CORRECTION OFFICER COOPER and JOHN DOE CORRECTION OFFICERS #1-3,

                                Defendants.

---

**ANSWER ON BEHALF OF PATRICK COOPER**

---

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York, Martin Horn and Patrick Cooper*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Caryn Rosencrantz*
*Tel: (212) 442-8600*
*NYCLIS No.*

---

*Due and timely service is hereby admitted.*

*New York, N.Y. ................................., 200......*

*................................................................ Esq.*

*Attorney for ................................................*

## DECLARATION OF SERVICE

**Katherine E. Smith** declares, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct: On March 19, 2008, I caused to be served the annexed **ANSWER** upon the following plaintiff's counsel herein, by depositing a copy of same, enclosed in a first class, postpaid properly addressed wrapper in a post office/official depository located at 100 Church Street, in the Borough of Manhattan, City of New York, directed to plaintiff's counsel at the address set forth below, being plaintiff's counsel's business address:

Nicole Bellina, Esq.
Attorney for Plaintiff
71 Nevins Street
Brooklyn, New York 11217


Dated:      New York, New York
            March 19, 2008

_____
Katherine E. Smith