UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

ARTURO RIVERA,

                              Plaintiffs,

-against-

CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN F.
HORN, WARDEN LIONEL LORQUET, CORRECTION
OFFICER MANUEL ORTIZ, CORRECTION OFFICER
PATRICK COOPER, CORRECTION OFFICER JOSEPH
FINA, JOHN DOE CORRECTION OFFICERS #1,

                              Defendants.

------------------------------------------------------------- x



**FIRST AMENDED
COMPLAINT AND JURY
DEMAND**
ELECTRONIC FILING CASE

Docket # 07 CV 9632

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §§ 1983 and 1988, the Eighth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from an incident that occurred on or about August 2, 2006, when officers of the New York City Department of Correction ("DOC"), acting under color of state law, intentionally and willfully subjected plaintiff to assault and battery, or failed to intervene while others did so, and subsequently denied plaintiff medical attention.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §§1983, 1988 and

the Eighth and Fourteenth Amendment to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiff's state law claims is asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiff is a citizen of the United States and at all times here relevant resided in Bronx County, City and State of New York.

8. The City of New York ("City") is a municipal corporation organized under the laws of the State of New York.

9. Department of Correction Commissioner Martin F. Horn ("the Commissioner") was at all times here relevant the Commissioner of the New York City Department of Correction, and, as such, was a policy maker with respect to training, supervision, and discipline of correction officers, including the other individual defendants. On information and belief, defendant Horn, as Commissioner of DOC, was responsible for the policy, practice, supervision, implementation, and conduct of all DOC matters and was responsible for the appointment, training, supervision, and conduct of all DOC personnel, including the defendants referenced herein. As Commissioner, defendant Horn is also responsible for the care, custody, and control of all inmates housed in the Department's jails. As Commissioner, Horn was provided on a daily basis with reports of applications of force, allegations of unreported use of force, and other breaches of security in the Department jails.

In addition, at all relevant times, defendant Horn was responsible for enforcing the rules of the DOC, and for ensuring that DOC personnel obey the laws of the United States and of the State of New York. Defendant Horn is sued in his individual capacity.

10. Warden Lionel Lorquet ("The Warden") at all times here relevant was the Warden of the Otis Bantum Correctional Center, and, as such, was a policy maker with respect to medical treatment, as well as training, supervision, and discipline of DOC officers within the Center, including the other individual defendants. The Warden is sued in his individual capacity.

11. All defendant correction officers, (collectively, "the correction officers") were at all relevant times correction officers employed by the New York City Department of Correction, and are sued in their individual and official capacities.

12. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

13. Plaintiff filed a written Notice of Claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

## EXHAUSTION OF REMEDIES

14. Correction officer on inmate assaults are non-grievable under New York City DOC's Inmate Grievance Resolution Program. Plaintiff did inform a Captain in the vicinity of the incident and plaintiff did inform medical personnel.

## FACTUAL ALLEGATIONS

15.  On August 2, 2006, plaintiff was incarcerated at the Otis Bantum Correctional Center (OBCC) on Rikers Island, East Elmhurst, New York. Plaintiff was incarcerated awaiting trial.

16.  On August 2, 2006, plaintiff was removed from his cell allegedly to be brought to the shower. Defendant correction officers then assaulted and battered plaintiff with the sole purpose of causing him serious harm. Plaintiff was not assaulted or battered for any legitimate security purpose.

17.  Plaintiff had serious medical needs resulting from the assault. Nevertheless, defendants deliberately denied plaintiff needed medical attention.

18.  At all times during the events described above, the defendant correction officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.

19.  During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

20.  As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a.  Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

    b.  Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

    c.  Violation of his right to be free from cruel and unusual punishment

under the Eighth Amendment of the United States Constitution;

      d.    Violation of his right under the New York State Constitution Article 1 Section 5 to be free from cruel and unusual punishment;

      e.    Physical pain and suffering;

      f.    Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety; and deprivation of property.

### FIRST CAUSE OF ACTION
### (ASSAULT)

21. The preceding paragraphs are here incorporated by reference.

22. Upon approaching plaintiff, defendant correction officers made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

23. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983 and the New York State Constitution.

24. Plaintiff was damaged by defendants' assault.

### SECOND CAUSE OF ACTION
### (BATTERY)

25. The preceding paragraphs are here incorporated by reference.

26. Defendant correction officers engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him.

27. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42

USC §1983 and the New York State Constitution.

28. Plaintiff was damaged by the battery of the defendants.

### THIRD CAUSE OF ACTION
### (CONSTITUTIONAL TORT)

29. The preceding paragraphs are here incorporated by reference.

30. Defendants, acting under color of law, violated plaintiff's rights pursuant to §§6 and 12 of the New York State Constitution.

31. A damages remedy here is necessary to effectuate the purposes of Article 1 §§5 and 6 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

32. Plaintiff has been damaged as a result of defendants' wrongful acts.

### FOURTH CAUSE OF ACTION
### (42 USC § 1983- UNNECESSARY AND WANTON INFLICTION OF PAIN)

33. The preceding paragraphs are here incorporated by reference

34. Defendant correction officers applied force against plaintiff maliciously and sadistically for the sole purpose of causing plaintiff harm.

35. Defendant correction officers' actions caused plaintiff' injuries.

36. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from cruel and unusual punishment and to due process of law pursuant to their Eighth and Fourteenth Amendments of the United States Constitution and are liable to plaintiff under 42 USC §1983 and the New York State Constitution.

37. Plaintiff was damaged by defendant correction officers' malicious acts.

## FIFTH CAUSE OF ACTION
(42 USC § 1983- DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS)

38. The preceding paragraphs are here incorporated by reference.

39. Defendants were aware that plaintiff was in urgent need of serious medical attention. Nevertheless, defendants deliberately denied medical care to plaintiff.

40. Defendants have acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from cruel and unusual punishment and to due process of law pursuant to their Eighth and Fourteenth Amendments of the United States Constitution and are liable to plaintiff under 42 USC §1983 and the New York State Constitution.

41. Plaintiff was damaged by the deliberate indifference of the defendants.

## SIXTH CAUSE OF ACTION
(MUNICIPAL LIABILITY)

42. The preceding paragraphs are here incorporated by reference.

43. Defendants New York City, the Commissioner and the Warden are liable for the damages suffered by plaintiff as a result of the conduct of its employees, agents, and servants and the others whose names are currently unknown.

44. Defendants New York City, the Commissioner and the Warden knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

45. The aforesaid event was not an isolated incident. The City, the Commissioner and the Warden have been aware for some time (from lawsuits, notices of claim and grievances filed with the Department of Correction) that many of their correction officers use force against inmates without justification in a malicious and sadistic manner for the sole

7

purpose of causing them harm. The City, the Commissioner and the Warden have also been aware for some time through the same sources that many of their correction officers deny medical attention to inmates who have serious medical needs. The City, the Commissioner and the Warden are further aware that the improper training and supervision of its officers has resulted in the unnecessary and wanton infliction of force on inmates and denial of medical attention causing them to suffer serious harm. Moreover, the City, the Commissioner and the Warden are aware that a "wall of silence" exists whereby correction officers fail to truthfully report wrongful acts by fellow officers, causing correction officers to unlawfully assault inmates without fear of reprisal. Despite such notice, the City, the Commissioner and the Warden have failed to take corrective action. This failure caused the correction officers in the present case to violate plaintiff's constitutional rights.

46. Defendants City, the Commissioner and the Warden have failed to take the steps to properly investigate misconduct, and to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this case of misconduct.

47. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of New York City to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

48. Defendants City, the Commissioner and the Warden have damaged plaintiff by its failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving the misconduct of its correction officers.

49. Plaintiff has been damaged as a result of the wrongful, malicious and illegal

acts of defendant New York City.

## SEVENTH CAUSE OF ACTION
(NEGLIGENCE)

50. All preceding paragraphs are here incorporated by reference.

51. Defendants, as officers acting under color of law, owed a duty to plaintiff to escort and, if necessary, restrain plaintiff with reasonable care and diligence.

52. Defendants breached that duty by failing to use good faith and reasonable care and diligence in escorting and restraining plaintiff.

53. Plaintiff was injured by defendant's breach.

## EIGHTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

54. The preceding paragraphs are here incorporated by reference.

55. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

56. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this

9

action; and

    D.    Granting such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

DATED:    Brooklyn, New York
                April 22, 2008

TO:    Law Department City of NY
        Corporation Counsel Office
        100 Church Street, 4th floor
        New York, NY 10007

        Commissioner Horn
        60 Hudson St.
        New York, NY 10013

        Warden Lionel Lorquet
        Department of Correction
        60 Hudson St.
        New York, NY 10012

        Officer Manuel Ortiz
        60 Hudson St. 6th Fl.
        New York, NY 10012

        Officer Patrick Cooper
        OBCC
        1600 Hazen St.
        E. Elmhurst, NY 11370

        Correction Officer Fina
        OBCC
        1600 Hazen St.
        E.Elmhurst, NY 11370

Yours, etc.,

*/s/ Nicole Bellina*

Stoll, Glickman & Bellina, L.L.P.
By Nicole Bellina (NB7154)
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY 11217
(718) 852-4491