UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ARTURO RIVERA,

                             Plaintiff,

                -against-

THE CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN F. HORN,
WARDEN LIONEL LORQUET, CORRECTION
OFFICER ORTIZ, CORRECTION OFFICER COOPER,
CORRECTION OFFICER JOSEPH FINA and JOHN
DOE CORRECTION OFFICERS #1,

                          Defendants.

------------------------------------------------------------------------ x

**ANSWER TO PLAINTIFF'S
FIRST AMENDED
COMPLAINT ON BEHALF
OF DEFENDANTS LIONEL
LORQUET AND JOSEPH
FINA**

07 CV 9632 (NRB) (RLE)

Jury Trial Demanded

         Defendants WARDEN LIONEL LORQUET and CORRECTION OFFICER

JOSEPH FINA by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New

York, for their answer to plaintiff's First Amended Complaint ("complaint"), respectfully allege,

upon information and belief, as follows:[1]

         1.  Deny the allegations set forth in paragraph "1" of the complaint, except

admit that plaintiff purports to proceed as stated therein.

         2.  Deny the allegations set forth in paragraph "2" of the complaint.

         3.  Deny the allegations set forth in paragraph "3" of the complaint, except

admit that plaintiff purports to seek damages as stated therein.

         4.  Deny the allegations set forth in paragraph "4" of the complaint, except

admit that plaintiff purports to bring this action and invoke the Court's as stated therein.

---

[1] Defendants City of New York, Commissioner Horn, Officer Cooper and Officer Ortiz served plaintiff with
their Answer to the First Amended Complaint on May 23, 2008.

5. Deny the allegations set forth in paragraph "5" of the complaint.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to base venue as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Admit the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that Martin Horn is the Commissioner of the New York City Department of Correction and that plaintiff purports to sue Commissioner Horn in his individual capacity as stated therein.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that Lionel Lorquet was employed as the Warden of Otis Bantum Correctional Center ("OBCC"), and that plaintiff purports to sue Warden Lorquet in his individual capacity as stated therein.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint, except admit that Correction Officer Patrick Cooper is employed as a Correction Officer at OBCC, Correction Officer Joseph Fina is employed as a Correction Officer at OBCC and Correction Officer Manuel Ortiz was employed as a Correction Officer at OBCC on August 2, 2006.

12. The allegations set forth in paragraph "12" of the complaint are conclusions of law, rather than averments of fact and accordingly, no response is required.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the New York

City Office of the Comptroller on or about September 13, 2006 and the claim has not been paid.

14. Denies the allegations set forth in paragraph "14" of the complaint, except admits that there is a grievance procedure at Rikers Island and states that the allegations concerning whether inmate assaults are grievable constitutes a conclusion of law rather than an averment of fact and accordingly, no response is required.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint, except admit that plaintiff was incarcerated at the OBCC on August 2, 2006.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint, including all subparagraphs.

21. In response to the allegations set forth in paragraph "21" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "20" inclusive of this answer, as if fully set forth herein.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. In response to the allegations set forth in paragraph "25" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "24" inclusive of this answer, as if fully set forth herein.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "28" inclusive of this answer, as if fully set forth herein.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "32" inclusive of this answer, as if fully set forth herein

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint

38. In response to the allegations set forth in paragraph "38" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "37" inclusive of this answer, as if fully set forth herein

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "41" inclusive of this answer, as if fully set forth herein

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. In response to the allegations set forth in paragraph "50" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "49" inclusive of this answer, as if fully set forth herein.

51. Paragraph "51" of the complaint contains conclusions of law rather than averments of fact, and accordingly, requires no response.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. In response to the allegations set forth in paragraph "54" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "53" inclusive of this answer, as if fully set forth herein.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

57. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

58. Defendants have not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

59. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of the defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

60. At all times relevant to the acts alleged in the complaint, defendants Lorquet and Fina acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

61. Plaintiff's claims may be barred, in whole or in part, because plaintiff failed to comply with all conditions precedent to suit.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

62. Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

63. Defendant Lorquet had no personal involvement in the allegations alleged in the complaint.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

64. Defendants Lorquet and Fina have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

65. Plaintiff provoked any incident.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

66. To the extent that plaintiff asserts state law clams against the defendants, such claims should be barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

67. Plaintiff may have failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

68. Plaintiff's claim for money damages may be barred by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e).

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

69. Plaintiff's claims may be barred in part by the applicable period of limitations.

**WHEREFORE**, defendants Warden Lorquet and Officer Fina request judgment

dismissing the complaint in its entirety, together with the costs and disbursements of this action,

and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           June 19, 2008

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the City of New York
                                        Attorney for Defendants
                                        100 Church Street, Rm. 3-219
                                        New York, New York 10007
                                        (212) 788-1276

                                 By:    _____
                                        Caryn Rosencrantz (CR 3477)
                                        Senior Counsel
                                        Special Federal Litigation


TO:    BY FIRST CLASS MAIL and ECF
       Nicole Bellina, Esq.
       Attorney for Plaintiff
       71 Nevins Street
       Brooklyn, New York 11217

Index No.  07 CV 9632 (NRB) (RLE)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARTURO RIVERA,

Plaintiff,

-against-

THE CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN F.
HORN, WARDEN LIONEL LORQUET,
CORRECTION OFFICER ORTIZ, CORRECTION
OFFICER COOPER, CORRECTION OFFICER
JOSEPH FINA and JOHN DOE CORRECTION
OFFICERS #1,

Defendants.

**ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT ON BEHALF OF
DEFENDANTS LIONEL LORQUET AND
JOSEPH FINA**

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel:  Caryn Rosencrantz*
*Tel: (212) 788-1276*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ................................................, 200......*

*.................................................................................Esq.*

*Attorney for ......................................................................*